On Motion to Dismiss.
The opinion of the court on motion to dismiss was delivered by Morgan, J., and on the merits by Spencer, J.
Morgan, J.
On the sixteenth November, 1876, judgment was rendered by the judge of the Superior District Court dismissing plaintiff’s demand.
On the seventh October, 1875, she presented a petition addressed to the Superior District Court asking for an appeal from the judgment above recited. The order of appeal was granted upon her giving bond in the sum of three hundred dollars. The order of appeal was signed by “A. L. Tissot, judge of the Second District, acting in the absence of Jacob Hawkins, judge.”
Appellees move to dismiss the appeal on the grounds:
First — That no order of appeal was rendered by the judge of the Superior District Court by whom the judgment complained of was rendered, and who alone could grant the same.
Second — Because the judge of the Superior District Court could be replaced by an attorney or by another judge only in those cases in which he was recused or interested.
Third — Because the judge of the Superior District Court was neither recused nor interested in this case, and properly tried and decided it.
Fourth — There exists no legal enactment authorizing a judge to act in the place of another in any other case, and that if any law is claimed to exist, it- is unconstitutional and void.
*225 The four propositions, as above set forth, are in fact reduced to the following question:
In the absence of the judge of one of the district courts for the parish of Orleans, can another district judge for the same parish grant an appeal from a judgment rendered by the absent judge ?
The thirteenth section of the act of 1855, No. 255, p. 317, provides that it shall be the duty of each of the judges of the district courts of Natchitoches, commencing with the judge of the first district court, to-hold alternately during one week the court which any one of the judges may be incapacitated from holding by reason of illness or by leave of absence.
Judge Hawkins, the judge of the Superior District Court, was absent when the appeal in this case was asked for. Judge Tissot acted in his place. We will assume that he was acting under the authority of the statute above quoted. He was therefore competent to grant the appeal.
Other grounds are urged why the appeal should be dismissed, but they were set up more than three days after the record was filed here. The motion came too late.
Motion to dismiss is denied.